# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12CV406-MOC-DSC

CALVIN LATIMER and SANDRA LATIMER,

       Plaintiffs,

v.

US SOCIAL SECURITY ADMINISTRATION, et. al.,

       Defendants.

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on the "United States' Motion To Dismiss" (document #2) filed July 5, 2012, as well as the parties' briefs and exhibits. See documents ##3, 5 and 6.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiffs filed this action in Mecklenburg County Superior Court on June 4, 2012. On July 2, 2012, Defendant United States Social Security Administration (SSA) removed the action to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1442.[1]

---

[1] Title 28 United States Code, Section 1442(a)(1) provides:
(a) A civil action or criminal prosecution commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof....

Plaintiffs name "Easter Seals," "Social Services" (apparently the North Carolina Department of Social Services), Veronica Pilot, and the SSA as Defendants. The Complaint seeks the return of Plaintiffs' children from the Department of Social Services; grants from Easter Seals; and payments from SSA for the children in the amount of $594.00 per month. The Complaint also seeks damages in the amount of $200,000 from the Defendants.

On July 5, 2012, Defendant SSA filed its Motion to Dismiss for lack of subject matter jurisdiction.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. <u>DISCUSSION</u>

### A. <u>Federal Defendant's Motion to Dismiss</u>

Under the doctrine of derivative jurisdiction, a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court where the case originated. <u>Palmer v. City National Bank of W. Va.</u>, 498 F.3d 236, 244 (4th Cir. 2007) (citing <u>Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.</u>, 258 U.S. 377, 382 (1922)). "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." <u>Lambert Run Coal Co.</u>, 258 U.S. at 382.

Although the general removal statute, 28 U.S.C. § 1441, has been amended to preclude application of the derivative jurisdiction doctrine, the doctrine still applies to removal pursuant to Section 1442. <u>Palmer</u>, 498 F.3d at 244-46 (affirming prior Fourth Circuit cases applying the doctrine of derivative jurisdiction in cases removed under 28 U.S.C. § 1442, even after amendment of 28 U.S.C. § 1441(e) (now 1441(f)); <u>Kasi v. Angelone</u>, 300 F.3d 487, 504 n. 6 (4th Cir. 2002) ("[A] federal court's jurisdiction upon removal under § 1442(a)(1) is derivative of the state court's

2

jurisdiction...."); United States v. Williams, 170 F.3d 431, 433 (4th Cir. 1999) (same); Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir.1989) (same).

It is well settled that a suit against an agency of the United States is a suit against the United States. Thus there must be a waiver of sovereign immunity for the court to have subject matter jurisdiction. United States v. Sherwood, 312 U.S. 584 (1941); FDIC v. Meyer, 510 U.S. 471 (1994). As sovereign, the United States is immune from suit except as it consents to be sued. United States v. Mitchell, 445 U.S. 535 (1980).

Plaintiffs have not alleged that the United States has waived its sovereign immunity and the undersigned is unaware of any basis for finding such a waiver on the facts here. Accordingly, Plaintiffs have failed to establish that the state court had subject matter jurisdiction over Defendant SSA. With removal having been made pursuant to Section 1442, the doctrine of derivative jurisdiction precludes this Court from exercising subject matter jurisdiction over the SSA as well. Palmer, 498 F.3d at 244-46; Kasi, 300 F.3d at 504 n. 6; Williams, 170 F.3d at 433; Boron Oil Co., 873 F.2d at 70. Accordingly, the undersigned respectfully recommends that Defendant United States Social Security Administration's Motion to Dismiss be granted.

### B. Supplemental Jurisdiction of Remaining Claims

Having recommended dismissal of the claims against the only federal Defendant, it is within the court's broad discretion whether to retain supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("the district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction); and Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain to retain [supplemental]

jurisdiction over state claims when all federal claims have been extinguished"), citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Moreover, declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Accord Chesapeake Ranch Water Company v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction over state claims); and Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005) (same). See also Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994). Finally, "it is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002), citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c)).

Applying these principles, and expressing no opinion as to the merits of Plaintiffs' remaining claims, the undersigned respectfully recommends that the Court decline supplemental jurisdiction and remand those claims to state court.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Defendant "United States' Motion To Dismiss" (document #2) be **GRANTED**, that

4

is, that the Complaint be **DISMISSED** for lack of subject matter jurisdiction as to Defendant United States Social Security Administration.

2. The Court **DECLINE** supplemental jurisdiction over Plaintiffs' remaining claims and **REMAND** them to state court.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: July 25, 2012

David S. Cayer
United States Magistrate Judge